IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ROBIN VERA HANKEL, | ) | No. 35595-1-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROCKWOOD CLINIC PS | ) | |
| (MULTICARE HEALTH SYSTEMS), | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Robin Hankel appeals the trial court's summary judgment dismissal of her medical malpractice claim and the denial of her reconsideration request. We affirm.

FACTS

Robin Hankel filed a complaint against Rockwood Clinic, P.S. (Rockwood) for medical malpractice. Ms. Hankel alleged that after her surgery, Rockwood incorrectly casted her right thumb, which caused her pain, suffering, financial loss, and an additional surgery.

Rockwood filed a motion for summary judgment dismissal. The medical documentation Rockwood provided shows that Dr. Randall Espinosa performed surgery

on Ms. Hankel's thumb on March 1, 2013. The documentation further shows Ms. Hankel's subsequent visits and complaints of continued thumb problems. On April 15, 2013, Dr. Espinosa recommended to Ms. Hankel that she undergo a revision surgery to address the failure that had evolved. Rockwood's last clinical entry reflected that Ms. Hankel called on April 29, 2013, and said that she wanted to wait to have the revision surgery. In its summary judgment motion, Rockwood argued that Ms. Hankel lacked expert medical testimony to support her medical malpractice claim.

Ms. Hankel, pro se, responded that her claim related to a second surgery performed by Dr. Espinosa on January 24, 2014. She did not submit any medical records to support her claim that a second surgery occurred. Nor did she submit a declaration from a medical professional setting forth the applicable standard of care or an opinion that Rockwood violated that standard. In her response, she also asked for a continuance of the hearing.

During the June 16, 2017 summary judgment hearing, Rockwood argued that summary judgment was appropriate because Ms. Hankel lacked a medical expert to support her medical malpractice claim. Regardless of when the purported medical negligence occurred, Ms. Hankel still required a medical expert to support her cause of action.

The trial court noted that Ms. Hankel requested a continuance, and it granted a 30-day continuance.  The trial court explained to Ms. Hankel the necessity of medical expert evidence to support her opposition to Rockwood's motion:

> [I]f you have an expert that comes forward to rebut the summary judgment, then I'll proceed with the hearing.  But if you don't, then I'm seriously going to have to consider granting summary judgment, which basically will dismiss your case.

Report of Proceedings (June 16, 2017 & July 21, 2017) (RP) at 8.

At the July 21, 2017 hearing, Ms. Hankel acknowledged that she had not filed a declaration by a medical expert to support her opposition to Rockwood's motion.  Rockwood renewed its request for summary dismissal based on Ms. Hankel's failure to provide an opinion from a medical expert.

The trial court explained to Ms. Hankel:

> [Defense counsel] has argued that this type of a case, you need to have an expert in the field respond.  You need to hire an expert. . . .  Today is the day to have that in.  I gave you a continuance to have that done.
>       . . . .
>       THE COURT:  . . .  The law requires that in this type of a case with this type of a claim, you have to present expert testimony that will opine on the standard of care.  And I gave you some time to get that done, and we're still not—we're still not there.  So without a response in the file that would create a material issue of fact, I don't have a choice but to dismiss your case. . . .

3

RP at 12-13. The trial court granted Rockwood's motion dismissing Ms. Hankel's

medical negligence claim and entered the order that day.

Ms. Hankel filed a motion for reconsideration on July 31, 2017. The supporting

documents still lacked a sworn statement from a medical expert. On August 28, 2017, the

trial court denied Ms. Hankel's motion for reconsideration.

Ms. Hankel timely appealed to this court.

ANALYSIS

*Summary Judgment Standard*

"'On appeal of summary judgment, the standard of review is de novo, and the

appellate court performs the same inquiry as the trial court.'" *Martin v. Gonzaga Univ*.,

191 Wn.2d 712, 722, 425 P.3d 837 (2018) (quoting *Lybbert v. Grant County*, 141 Wn.2d

29, 34, 1 P.3d 1124 (2000)). Summary judgment is appropriate when "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." CR 56(c). A material fact

determines the outcome of the litigation in whole or in part. *RockRock Grp., LLC v.*

*Value Logic, LLC*, 194 Wn. App. 904, 913, 380 P.3d 545 (2016). All reasonable

inferences and facts are viewed in the light most favorable to the nonmoving party. *Id.*

4

A moving defendant meets the initial burden of demonstrating no genuine issue of material fact by pointing out that there is an absence of evidence to support the plaintiff's case. If a moving defendant makes this initial showing, then the plaintiff must set forth specific facts demonstrating a genuine issue for trial. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). The complete failure of proof concerning an essential element "'renders all other facts immaterial.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

*Application of Standard*

Ms. Hankel acknowledges that in a medical malpractice action, a plaintiff must show that "[t]he health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider . . . ." RCW 7.70.040(1). Ms. Hankel also recognizes that this standard of care is established through a medical expert. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

Ms. Hankel argues that Rockwood's summary judgment motion related only to the care she received in 2013 and did not include her claim arising from the negligent care she received in 2014. Ms. Hankel argues that she "will support her 2014 claim with expert testimony, but she was not required to do so in response to Rockwood Clinic's

motion on the 2013 events as they are not the basis for her medical malpractice action."
Br. of Appellant at 9. We are unpersuaded by this argument.

If there was any ambiguity as to the breadth of Rockwood's motion, that ambiguity was clarified during the June 16, 2017 summary judgment hearing. Rockwood clarified that its motion was based on Ms. Hankel's failure to provide medical expert opinion to support her claim. So regardless of *when* the claim arose, Ms. Hankel was required to provide a medical expert opinion. The trial court agreed and explained this to Ms. Hankel. To the extent this clarification prejudiced Ms. Hankel, the trial court granted Ms. Hankel's request for a continuance and provided her an additional 30 days to obtain an opinion from a medical expert to support her claim.

Ms. Hankel's summary judgment response and reconsideration motion suffer from the same omission. Both lack a sworn statement from a medical expert to establish the standard of care for a medical provider and that Rockwood violated that standard of care. The omission of a medical expert opinion on these points resulted in a complete failure of proof on these disputed elements of her medical negligence claim. Without the medical expert evidence, summary dismissal was not merely appropriate, but required.

No. 35595-1-III
*Hankel v. Rockwood Clinic*

We affirm the trial court's summary dismissal of Ms. Hankel's medical negligence claim.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Korsmo, J.                                    Fearing, J.